# United States Court of Appeals

District of Columbia Circuit
Washington, D.C. 20001-2866

Mark J. Langer
Clerk

November 22, 2011

General Information
(202) 216-7000

Eddie Ray Kahn
# 18325-008
CI Rivers
Correctional Institution
P.O. Box 630
Winton, NC 27986

Re: No. 10-3088, USA v. Kahn
Pending Motions

Dear Mr. Kahn:

The court has received your motion for leave to proceed pro se on appeal, and Peter Brody's motion to withdraw as your counsel. Before ruling on these motions, the court would like to ensure that you fully understand the dangers and disadvantages of proceeding pro se on appeal.

As you may already know, you have a constitutional right to the assistance of counsel on your direct appeal. Douglas v. California, 372 U.S. 353 (1963). The Supreme Court has recognized that indigent defendants pursuing the first level of appellate review are "generally ill equipped to represent themselves," Halbert v. Michigan, 545 U.S. 605, 617 (2005), and that "[n]avigating the appellate process is a perilous endeavor for a layperson." Halbert v. Michigan, id. at 621. If you choose to give up your right to appointed counsel, you should know the following:

(1) As a person who is untrained in the law, you might not be aware of all the possible issues for appeal, the arguments that would support your appeal, or the procedures involved in pursuing an appeal.

(2) If you appear pro se, you do not have a right to present oral argument in support of your appeal. Price v. Johnston, 334 U.S. 266, 285-86 (1948), overruled on other grounds by McClesky v. Zant, 499 U.S. 467 (1991). If you have an attorney, however, he or she might be given an opportunity to present oral argument on your behalf.

(3) If you choose to represent yourself and are dissatisfied with the outcome of the appeal, it could be very difficult for you later to attempt to file a collateral challenge to either your conviction or the decision on appeal.

E. BARRETT PRETTYMAN UNITED STATES COURTHOUSE ● 333 CONSTITUTION AVENUE N.W.

 If, after reading the above information, you would still like to proceed pro se, you do not need to do anything, and the court will rule on your motion to proceed pro se and Mr. Brody's motion to withdraw. However, if you decide not to proceed pro se and would like to continue being represented by counsel, you must notify the court within thirty (30) days of the date of this letter that you would like to withdraw your motion to proceed pro se.

Sincerely,

Mark J. Langer, Clerk

Sent via Warden Letter

cc: Mr. Peter M. Brody, Esq.